UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62188

STEPHANIE ANDERSON, individually and on behalf of all those similarly situated,

    Plaintiff,

v.                                                                                       **COMPLAINT – CLASS ACTION**

LAW OFFICE OF STEVEN B. KATZ, P.A.,

    Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff STEPHANIE ANDERSON ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant LAW OFFICE OF STEVEN B. KATZ, PA ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**    **JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

    2.    Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

    3.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.     PARTIES**

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.     Defendant is a Florida corporation, with its principal place of business located in Lauderhill, Florida.

6.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.     DEMAND FOR JURY TRIAL**

8.     Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.     ALLEGATIONS**

9.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents the amount Plaintiff allegedly owes Three Garden Condominium Association, Inc., for past-due maintenance assessments.

10.    Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11.    Defendant is a business entity engaged in the business of collecting consumer debts.

12.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.    Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

16. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

17. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

18. Defendant mailed a collection letter, dated July 03, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

20. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

21. The Collection Letter is required to comply with, among other things, the disclosure requirements of 15 U.S.C. § 1692e(11) ("[t]he failure to disclose in the initial written communication with the consumer… and the failure to disclose in subsequent communications that the communication is from a debt collector….").

22. The Collection Letter does not comply with the disclosure requirements of 15 U.S.C. § 1692e(11). *See, e.g.,* Collection Letter (Defendant does not state *anywhere* in the Collection Letter that it (the Collection Letter) is communication from a debt collector).

**5.     CLASS ALLEGATIONS**

23.    This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

24.    The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twelve [12] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) and said letter fails to provide the least sophisticated consumer with the full set of disclosures and/or information required by § 1692e(11) of the FDCPA.

25.    The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) during the twenty-four [24] months preceding the filing of this Complaint (5) in an attempt to collect a consumer debt (6) whereby said letter violates Fla. Stat. § 559.72(9) of the FCCPA by attempting to collect the underling debt without complying with the disclosure requirements of § 1692e(11) of the FDCPA.

26.    Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched hundreds of identical letters to addresses in Florida which violate § 1692e(11) of the FDCPA as set forth below.

5.1    EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

27.    Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

28.    The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated § 1692e(11) of the FDCPA.

PAGE | **4** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, and whether Defendant, by and through said letter, violated § 559.72(9) of the FCCPA.

30. The principal legal issue for the FDCPA Class is whether Defendant, by and through the collection letters it mailed out to Plaintiff and members of the FDCPA Class, violated § 1692g(a) of the FDCPA.

31. The principal legal issue for the FCCPA Class is whether Defendant, by and through the collection letters it mailed out to Plaintiff and members of the FCCPA Class, violated § 559.72(9) of the FCCPA.

32. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

33. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

34. Plaintiff is an adequate representative of each of the classes.

35. Plaintiff will fairly and adequately protect the interests of the classes.

36. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

37. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(11)**

39. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

41. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

42. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Notwithstanding whether the Collection Letter was Defendant's initial communication with Plaintiff, nowhere in the Collection Letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is a communication from a debt collector.

43. Accordingly, Defendant violated § 1692e(11) of the FDCPA in two ways: (1) by failing to state that it (Defendant) was a debt collector in the Collection Letter; and (2) by failing to state in the Collection Letter that it (the Collection Letter) was a communication from a debt collector.

44. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

### *COUNT II.* <br> **VIOLATION OF FLA. STAT. § 559.72(9)**

45. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth herein.

46. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

48. As set forth in *Count I,* Defendant violated § 1692e(11) of the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt *via* the Collection Letter. For example, by failing to include within the Collection Letter the mandatory disclosures of § 1692e(11) of the FDCPA, Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt.

49. Accordingly, by and through the Collection Letter, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

50. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(d)  Statutory damages, as provided under Fla. Stat. §559.77(2)

(e)  Costs and attorneys' fees, as provided by Fla. Stat. §559.77(2);

(f)  An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff or Members of the FCCPA Class that violate the FCCPA; and

(g)  Such other or further relief as the Court deems proper.

DATED: August 31, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

        E-mail:    tom@jibraellaw.com
        The Law Offices of Jibrael S. Hindi
        110 SE 6th Street, Suite 1744
        Fort Lauderdale, Florida 33301
        Phone:    954-907-1136
        Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **9** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com