**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:19-CV-62188-ALTONAGA / SELTZER**

STEPHANIE ANDERSON,

     Plaintiff,

vs.

LAW OFFICES OF STEVEN B. KATZ, P.A.,

     Defendant.

_____/

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, Law Offices of Steven B. Katz, P.A. ("Defendant"), through its undersigned counsel, and files this Motion to Dismiss, and states as follows:

### I.   INTRODUCTION

1.     Plaintiff, Stephanie Anderson, is a resident of Tree Garden Condominium located in Broward County, Florida.  Defendant is one of several attorneys representing the Tree Garden Condominium Association. As counsel for Tree Garden, Defendant has had occasion to meet the Plaintiff and has sent Plaintiff a notice of delinquent condominium assessment.

2.     Defendant contends that this Complaint is completely devoid of merit and is a blatant attempt to avoid payment of a legitimate condominium association lien by threatening counsel for the condominium association.

### II.   FAILURE TO STATE A CLAIM – COUNT I

3.     First, the attachment to Plaintiff's Complaint is not a demand letter sent to Plaintiff.  It is a letter sent by Defendant to another unit owner at Tree Garden.

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 2

4.      However, the letter attached to the Complaint contains the same form Disclosure Statement pursuant to the Fair Debt Collection Practices Act ("FDCPA") as is contained in all such letters sent to unit owners by Defendant.

5.      Plaintiff's only contention is that the letter is in violation of 15 U.S.C. Section 1692e(11) ("Section 1692e") as it fails to state that "the communication was from a debt collector".

6.      The letter that was sent to Plaintiff was the initial written communication to Plaintiff from Defendant.  Plaintiff's claim that Defendant violated Section 1692e(11) is without merit and contrary to the specific language contained in Section 1692e(11).  See below.

7.      Notwithstanding the above, even if Section 1692e(11) required the language suggested by Plaintiff, the Disclosure Statement contained in the letter to Plaintiff represents substantial compliance with the Fair Debt Collection Practices Act. See below.

8.      The letter clearly states that Defendant is an attorney for the Association, and the standard form Disclosure Statement states that the Association is attempting to collect a debt, then clearly states that the attorney is attempting to collect the debt for the Association.  This represents substantial compliance with the Act.

## III.    FAILURE TO STATE A CLAIM – COUNT II

9.      Count II merely restates the claim that Defendant failed to identify himself as a debt collector, improperly attempting to use the FDCPA claim to state a claim under the FCCPA. As set forth below, that is not permissible.

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 3

## IV.   <u>DISCUSSION OF THE LAW</u>

### A.  <u>Legal Standard for Motions to Dismiss</u>

It is well established that when reviewing a Motion to Dismiss, a court must construe the complaint in the light most favorable to the Plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A Motion to Dismiss merely "tests the legal sufficiency of the complaint" and is not an avenue for making factual findings. *In re Forfeiture of 2007 Ford F350 Pickup Truck, Identification No. 1FTWW31P27EA46254*, 987 So. 2d 148, 149 (Fla. 2d DCA 2008) (quoting *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA2000).

### B.  <u>Alleged Violation of the FDCPA</u>

Plaintiff claims that the Defendant violated Section 1692e(11) of the FDCPA by failing to affirmatively state that it is a debt collector. Plaintiff has misstated the specific language of Section 1692e(11) and has sought to impose a requirement that is not contained therein.

15 U.S.C. Section 1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. Sub-section (11) states specifically as follows:

> *(11)  The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **<u>and the failure to disclose in subsequent communications that the communication is from a debt collector</u>**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (emphasis supplied)*

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 4

As the communication from Defendant to Plaintiff was the initial communication, the letter from Defendant to Plaintiff complained of herein is not required to state that "the communication is from a debt collector" and is therefore not a violation of Section 1692e(11).

Notwithstanding the above, even if it can be argued that the letter from Defendant to Plaintiff must contain the specific language that "the communication is from a debt collector", the letter from Defendant to Plaintiff substantially complies with the requirement of the FDCPA.

A similar argument was raised in *Volden v. Innovative Financial Systems,* 440 F. 3d 947 (8th Cir. 2006), albeit involving a "subsequent communication".  In *Volden*, the Plaintiff also claimed that the Defendant violated Section 1692e(11) by failing to affirmatively state in a letter that it was a debt collector. The Court found that:

> The September 2002 letter states "Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose." Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a "debt collector." While the unsophisticated consumer test is meant to protect consumers of below average sophistication, it also involves an element of reasonableness that prevents bizarre interpretations of debt collection notices. *Volden*, supra, citing to *Peters v. Gen. Serv. Bureau, Inc*., 277 F.3d 1051, 1055 (8th Cir. 2002). We find the letter "effectively conveys" the fact that it is from a debt collector, and thus does not violate section 1692e(11). *Id. at 1056*.

> Similarly, in *Davis v. Hollins Law*, 832 F. 3d 962 (9th Cir. 2016), the Court found that:

> Section1692e(11) does not require a subsequent communication from the debt collector to use any specific language so long as it is sufficient to disclose that the communication is from a debt collector, as it was here".  See also *Smith v. Financial Collection Agencies*, 770 F. Supp 232 (D. Del. 1991) (Generally, a validation notice will comport with Section 1692g if the "content" of the notice complies with the literal terms of the statute".

In this case the Defendant's letter was substantially the same as that in *Volden*. The Defendant's FDCPA Disclosure stated, "Please be advised that the Association is attempting to

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 5

collect a debt, and any information obtained thereto will be used for the stated purpose of collecting said debt." As in *Volden, Davis* and *Smith*, the letter was sufficient to disclose to the least sophisticated debtor that the communication was from a debt collector, and thus does not violate the FDCPA.

### C. Alleged Violation of the FCCPA

In Florida, consumer debt collection practices are regulated by both the Florida Consumer Collection Practices Act, Sections 559.55 through 559.785 ("FCCPA") and the FDCPA. Both acts generally apply to the same types of conduct, and Florida courts must give "great weight" to federal interpretations of the FDCPA when interpreting and applying the FCCPA. §559.77(5). However, the FDCPA and the FCCPA are not identical, and ***a violation of one act does not automatically constitute a violation of the other.*** See *Beeders v. Gulf Coast Collection Bureau, Inc*., No. 8:09-cv-00458-EAK-AEP, 2010 U.S. Dist. LEXIS 66984, 2010 WL 2696404, at *6 (M.D. Fla. July 6,2010) (holding that "[t]here are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable"), aff'd, 432 F. App'x. 918 (11th Cir. 2011). Because the provisions of the two acts are not fungible, a consumer seeking to recover damages under either the FDCPA or the FCCPA must allege and prove a violation of the provisions of the act actually sued upon. *Read v. MFP, Inc*., 85 So. 3d 1151 (Fla. 2d DCA 2012). (***emphasis supplied***).

Here, the Plaintiff attempts to boot-strap a claim under the FCCPA by alleging a violation of the FDCPA, then claiming that renders the debt uncollectable, therefore a violation of the FCCPA. That is not permissible. Further, Defendant's substantial compliance with the FDCPA renders the entire Complaint insufficient.

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 6

WHEREFORE, Defendant LAW OFFICE OF STEVEN B. KATZ, P.A. respectfully requests the Court dismiss this case, with prejudice, and award Defendant its reasonable attorney's fees and costs.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing shall be furnished by E-Mail to: JIBRAEL S. HINDI, ESQ. (jibrael@jibraellaw.com) on this 1st day of October, 2019.

DAVID W. LANGLEY, P.A.
*Attorney for Defendant*
8551 West Sunrise Blvd.
Suite 303
Plantation, FL 33322
Email: dave@flalawyer.com

BY: /s/ *David W. Langley*
DAVID W. LANGLEY
Florida Bar No. 248379