UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-CV-62188-ALTONAGA / SELTZER

STEPHANIE ANDERSON,

    Plaintiff,

vs.

LAW OFFICE OF STEVEN B. KATZ, P.A.,

    Defendant.
_____/

**MOTION TO DISMISS FIRST AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, LAW OFFICE OF STEVEN B. KATZ, P.A. ("Defendant"), by and through its undersigned counsel, hereby files this Motion to Dismiss the First Amended Complaint, and in support thereof, states as follows:

**INTRODUCTION**

1. Plaintiff, Stephanie Anderson, is a resident of Tree Garden Condominium located in Broward County, Florida. Defendant is one of several attorneys representing the Tree Garden Condominium Association. As counsel for Tree Garden, Defendant has had occasion to meet the Plaintiff and has sent Plaintiff a notice of delinquent condominium assessments.

2. Defendant contends that the First Amended Complaint is completely devoid of merit and is a transparent and blatant attempt to avoid payment of a legitimate condominium association lien by threatening counsel for the condominium association.

3. Plaintiff's First Amended Complaint is for alleged violations of 15 U.S.C. Section 1692 *et seq.* (the Fair Debt Collection Practices Act; hereafter "FDCPA") and Section 559.55 *et seq.*, Florida Statutes (the Florida Consumer Collection Practices Act; hereafter "FCCPA").

Case 0:19-cv-62188-CMA   Document 19   Entered on FLSD Docket 10/28/2019   Page 2 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 2

4.   Plaintiff alleges that the action is brought on behalf of five (5) separate classes:

(i)   The *E-3 Class* consisting of persons who allegedly received a communication from Defendant which violates the provisions of 15 U.S.C. Section 1692e(3). Section 1692e(3) provides that the false representation or implication that any individual is an attorney or that any communication is from an attorney violates the FDCPA;

(ii)   The *G-Notice Class* consisting of persons who allegedly received a communication from Defendant which violates the provisions of 15 U.S.C. Section 1692g(a). Section 1692g(a) requires that any communication to a consumer seeking to collect a debt which fails to contain certain disclosures and/or information violates the FDCPA;

(iii)   The *1692e Class* consisting of persons who allegedly received a communication from Defendant which violates the provisions of 15 U.S.C. Section 1692e. Section 1692e provides that the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt;

(iv)   The *E-11 Class* consisting of persons who allegedly received a communication from Defendant which violates the provisions of 15 U.S.C. Section 1692e(11). Section 1692e(11) provides in relevant part that the failure to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in __subsequent communications__   (emphasis added) that the communication is from a debt collector violates the FDCPA; and

(v)   The *FCCPA Class* consisting of persons who allegedly received a communication from Defendant which violates the provisions of Section 559.72(9), Florida Statutes. Section 559.72(9) provides that if a person claims, attempts, or threatens to enforce a debt when the person knows that the debt is not legitimate, or asserts the existence of some other right when the person knows that the right does not exist violates the FCCPA.

## GENERAL ALLEGATIONS/ARGUMENT

5.   Plaintiff has attached to the First Amended Complaint as Exhibit "A" a letter which is a communication or demand letter for the collection of debt from Defendant sent to someone __other than__ Plaintiff. Plaintiff's First Amended Complaint fails to state a cause of action and should be dismissed for failure of Plaintiff to state a cause of action.

6.   In addition, based on the foregoing, Plaintiff lacks standing to bring this action. Plaintiff has failed to allege or show that she has, not only a sufficient interest in the dispute, but

Case 0:19-cv-62188-CMA   Document 19   Entered on FLSD Docket 10/28/2019   Page 3 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 3

any interest in the dispute as evidenced by the letter attached as Exhibit "A" to the First Amended Complaint.

7. In ruling on a motion to dismiss, the court can look to the content of the exhibits attached to the complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Where the allegations of the complaint conflict with the contents of an exhibit, the exhibit controls. *Id.*; *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (internal citations omitted). Thus, in ruling on a motion to dismiss, a court may construe the unambiguous language of documents attached to or referenced in the complaint and is not bound by conclusory allegations that contradict contractual provisions. *See, e.g.*, *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104-05 (11th Cir. 2014).

8. Here, the Collection Letter[1], which is incorporated into the Complaint, clearly and unequivocally identifies "John McDonough, Jr." as the recipient/addressee. However, contrary to the express words of this letter, the party-Plaintiff is identified as "Stephanie Anderson". While scrivener's errors and typographical errors are understandable, the only Exhibit attached to the Complaint identifies John McDonough, Jr. as the recipient/addressee of the Collection Letter at issue. Because the party who is alleged in the Complaint to be the "consumer" allegedly owing a "consumer debt" who has been damaged as a result of Defendant's alleged violations of the FDCPA and the FCCPA is expressly contradicted by the recipient/addressee who is identified in

---

[1] The letter attached as Exhibit "A" to Plaintiff's First Amended Complaint was neither addressed nor sent to Plaintiff. A letter was addressed to an unnamed third party, John McDonough, Jr. at 1754 N.W. 55th Avenue, Unit 103, Lauderhill, FL 33313. Plaintiff owns real property located at 1788 N.W. 55th Avenue, Unit 103, Lauderhill, FL 33313.

Case 0:19-cv-62188-CMA   Document 19   Entered on FLSD Docket 10/28/2019   Page 4 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 4

the Collection Letter attached as Exhibit "A," the First Amended Complaint fails to state a cause of action and should be dismissed.

9. Defendant would further note that the same Exhibit A was attached to the original Complaint. Defendant raised this same challenge to the Complaint in Paragraph 3 of its initial Motion to Dismiss. As Plaintiff has failed to correct this significant error after notice and amendment, the Amended Complaint should be dismissed with prejudice. See *A.Z. ex rel. Juno Therapeutics, Inc. v. Blueshield,* 333 F.Supp.3d 1069 (W.D. Wash., 2018) (Dismissing a claim with prejudice where "the Court dismissed A.Z.'s original version of this claim with leave to amend on the same basis. Plaintiff has failed to address this issue").

10. Further, the letter that is attached to the First Amended Complaint contains the same form Disclosure Statement required by the Fair Debt Collection Practices Act ("FDCPA") as is contained in all such letters sent to unit owners by Defendant.

### I.  FAILURE TO STATE A CLAIM – COUNT I

11. Count I is brought on behalf of the *E-3 Class* alleging that Defendant violated 15 U.S.C. Section 1692e(3), which provides that the following conduct is a violation of the FDCPA:

> *(3)    the false representation or implication that any individual is an attorney or that any communication is from an attorney.*

12. Steven B. Katz is an attorney licensed and authorized to practice law in the State of Florida. All collection letters sent by Steven B. Katz on behalf of Defendant on his law firm letterhead expressly disclose that he is an attorney. The letter attached to the First Amended Complaint does the same.

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 5

13. Plaintiff's claim that Defendant has violated Section 1692e(3) is contradicted by the letter attached to the First Amended Complaint as Exhibit "A" and not supported in any way by the allegations contained within the First Amended Complaint.

14. Knowing full well that Defendant is an attorney and that the letter expressly states so, Plaintiff attempts to create a violation by Defendant of Section 1692e(3) by citing to a case with a specific and egregious fact pattern of conduct. Yet nowhere in the First Amended Complaint has Plaintiff even alleged any facts, circumstances or conduct of Defendant that would compare to, support or justify in any way a claim of a violation of Section 1692e(3).

15. As currently drafted, Plaintiff's First Amended Complaint fails to state a cause of action for a violation of Section 1692e(3) and must be dismissed.

## II.   FAILURE TO STATE A CLAIM – COUNT II

16. Count II is brought on behalf of the *G-Notice Class* alleging that Defendant violated 15 U.S.C. Section 1692g(a) and (b). Section 1692g(a) requires specific disclosures to be contained within a written notice sent to a consumer for collection of a debt.

17. Section 1692g(b) provides in relevant part that if the consumer notifies the debt collector in writing within the thirty-day period described in sub-section (a) that the debt (or any portion thereof) is disputed, or if the consumer requests the name and address of the original creditor, all collection action must cease until verification of the debt or the name and address of the original creditor is mailed to the consumer.

18. The letter that was sent to Plaintiff was in compliance with and contained the disclosures required by Section 1692g(a). Further, (i) there is a complete absence of any allegations in Count II that Defendant violated Section 1692g(b); or (ii) that Plaintiff notified the debt collector in writing that the debt (or any portion thereof) was disputed; or (iii) that Plaintiff

Case 0:19-cv-62188-CMA Document 19 Entered on FLSD Docket 10/28/2019 Page 6 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 6

made any request for the name and address of the original creditor. Plaintiff's claims that Defendant violated Sections 1692g(a) and (b) are without merit and contrary to the specific language contained in Sections 1692g(a) and (b).

19. Notwithstanding the above, the Disclosure Statement contained in the letter to Plaintiff represents substantial compliance with the Fair Debt Collection Practices Act and prohibits a finding of a violation of the FDCPA.

### III.    FAILURE TO STATE A CLAIM – COUNT III

20. Count III is brought on behalf of the *1692-Notice Class* alleging that Defendant violated 15 U.S.C. Section 1692e. Section 1692e prohibits the use of any false, deceptive or misleading representation or means in connection with the collection of any debt.

21. Plaintiff's alleges that the letter from Defendant to Plaintiff is misleading as it states that the "Association" is attempting to collect a debt when it is the "Defendant" who is actually attempting to collect a debt. Plaintiff fails to include in her First Amended Complaint that the letter specifically states that the debt due is owed to the Association.

22. Plaintiff's claim that Defendant violated Section 1692 is without merit and contrary to the specific language contained in Section 1692. See below.

23. Notwithstanding the above, the Disclosure Statement contained in the letter to Plaintiff represents substantial compliance with the Fair Debt Collection Practices Act and prohibits a finding of a violation of the FDCPA.

### IV.    FAILURE TO STATE A CLAIM – COUNT IV

24. Count IV is brought on behalf of the *E-11 Class* alleging that Defendant violated 15 U.S.C. Section 1692e(11). Section 1692e(11) provides that it is a violation of the FDCPA if a

Case 0:19-cv-62188-CMA Document 19 Entered on FLSD Docket 10/28/2019 Page 7 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 7

debt collector fails to disclose in the initial written communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

25. Section 1692e(11) also provides that the failure to disclose in subsequent communications that the communication is from a debt collector is a violation of the FDCPA.

26. Plaintiff alleges that in the letter from Defendant to Plaintiff, Defendant fails to state that it is a debt collector, nor does it state that the letter is a communication from a debt collector.

27. Plaintiff's claim that Defendant violated Section 1692e(11) is without merit and contrary to the specific language contained in Section 1692 and the express disclosures contained within Defendant's letter. See below.

28. Notwithstanding the above, the notification and disclosures contained in the letter to Plaintiff represents substantial compliance with the Fair Debt Collection Practices Act and prohibit a finding of a violation of the FDCPA.

## V. FAILURE TO STATE A CLAIM – COUNT V

29. Count V is brought on behalf of the *FCCPA Class* alleging that Defendant violated Section 559.72(9), Florida Statutes. Section 559.72(9) provides that no person shall claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30. Plaintiff incredibly alleges in Count V that as the letter from Defendant was in violation of the FDCPA, the debt was no longer legitimate and the letter to Plaintiff violated the Section 559.72(9). As set forth below, Plaintiff's attempt to use the FDCPA to state a claim under the FCCPA is improper and not permissible.

## VI. DISCUSSION OF THE LAW

Case 0:19-cv-62188-CMA  Document 19  Entered on FLSD Docket 10/28/2019  Page 8 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 8

A. **Legal Standard for Motions to Dismiss**

It is well established that when reviewing a Motion to Dismiss, a court must construe the complaint in the light most favorable to the Plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A Motion to Dismiss merely "tests the legal sufficiency of the complaint" and is not an avenue for making factual findings. *In re Forfeiture of 2007 Ford F350 Pickup Truck, Identification No. 1FTWW31P27EA46254*, 987 So. 2d 148, 149 (Fla. 2d DCA 2008) (quoting *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA2000).

B. **Count I - Alleged Violation of Section 1692e(3)**

Plaintiff claims that Defendant violated Section 1692e(3) of the FDCPA by falsely representing or implying in the letter to Plaintiff that he was an attorney or that the communication was from an attorney. As clearly expressed in the letter, Steven B. Katz is an attorney and the principal of the Defendant law firm. The letter was sent by Steven B. Katz on behalf of the Defendant.

To support her allegation of a violation of Section 1692e(3), Plaintiff cites to a case that found that, due to the sheer volume of collection letters (over 51,718 a month) from a debt collector (with three attorneys in the office), there was no way that the debt collector could possibly make any meaningful review and/or exercise sufficient professional judgment in sending the volume of letters that were sent out.

A claim is plausible where the Plaintiff alleges **factual content** that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*(emphasis supplied).* A Plaintiff is not required to provide detailed factual allegations to survive dismissal, but the Plaintiff does have an obligation to provide

8

Case 0:19-cv-62188-CMA Document 19 Entered on FLSD Docket 10/28/2019 Page 9 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 9

the 'grounds' of his entitlement to relief which requires more than labels and conclusions, and a boiler-plate recitation of the elements of a cause of action will not do. See *Bell Atlantic v. Twombly*, *550 U.S. 554, 555 (2007).*

Plaintiff's First Amended Complaint fails to contain any credible allegation, evidence, or facts which provide the grounds of Plaintiff's entitlement to relief for violation under Section 1692e(3). Plaintiff makes a tremendous and unsubstantiated leap of logic in claiming that the letter sent by Defendant to Plaintiff is a violation of Section 1692e(3). The argument asserted by Plaintiff has no basis in law or fact as evidenced by the absence of any allegations in the First Amended Complaint of a failure of a meaningful review or failure to exercise sufficient professional judgment.

Additionally, the "meaningful involvement doctrine" is not contained within the plain language of the FDCPA and Courts should not imply words where Congress decided not to use them. The FDCAP is an anti-deception statute. Nothing in Section 1692e(3) or in any other provision of the FDCPA refers to "meaningful involvement" by attorneys. It is an improper stretch to read or impose requirements into the FDCPA beyond those as contained within the plain language of the FDCPA. See, e.g. *Camacho v. Bridgeport Financial, Inc., 430 F. 3d 1078. 1081 (9th Cir. 2005*) ("When the statute's language is plain, the sole function of the Courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms"); *Dutton v. Wolpoff and Abramson, 5 F. 3d 649.654 (3d Cir. 1993)* ("It is beyond our power to deviate from the text of the statute unless its literal application would lead either to an absurd or futile result or one plainly at odds with the policy of the whole legislation.")

Congress never intended to use the FDCPA to regulate the level of attorney involvement with their clients. The Judiciary, not Congress, establishes professional standards for the Bar and

Case 0:19-cv-62188-CMA Document 19 Entered on FLSD Docket 10/28/2019 Page 10 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 10

oversees the conduct of attorneys. See, *Paul E. Iacono Structural Engineers, Inc. v. Humphrey, 772 F. 2d 435, 439 (9th Cir. 1983)* ("The regulation of lawyer conduct is the province of the courts, not Congress."), See also, *ABA v. FTC, 430 F. 3d 457, 467 (D.C. Cir. 2005)*.

Finally, the "purpose" of the FDCPA is contained within the first paragraph of Section 1692e where is states "[a] debt collector may not use any false, deceptive or misleading representations or means in connection with the collection of any debt". Defendant respectfully submits that the First Amended Complaint fails to state a cause of action for the violation of Section 1692e(3).

C.  **Count II - Alleged Violation of Sections 1692g(a) and 1692g(b)**

Plaintiff claims that Defendant violated Sections 1692g(a) and 1692g(b) in that the language in the letter from the Defendant to the Plaintiff fails to track the compulsory language required by Section 1692g(a)(4) and fails to adequately inform the least sophisticated consumer of the rights she is entitled to under Section 1692(a)(4). Section 1692g(a)(4) requires the following notice:

> *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.*

The Notice/Disclosure contained in the letter from Plaintiff to Defendant states, in relevant part, as follows:

> *If you, the debtor, notifies the undersigned attorney in writing within the above-mentioned thirty (30) day period that the aforementioned debt, or any portion thereof, is in dispute, the undersigned attorney shall obtain written verification of said debt from the creditor and send you, the debtor, by U.S. Mail, same written verification.*

As indicated above, the disclosures in the letter from Defendant to Plaintiff, if not exactly

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 11

word for word, are in compliance with Section 1692g. See, *Smith v. Financial Collection Agencies*, 770 F. Supp 232 (D. Del. 1991) wherein the Court held that generally, a validation notice will comport with Section 1692g if the "content" of the notice complies with the literal terms of the statute". Therefore, the letter from Defendant was sufficient to adequately disclose to and inform the least sophisticated debtor of the rights to which they are entitled to under Section 1692g, and thus does not violate the FDCPA.

**D.     Count III - Alleged Violation of Sections 1692e and 1692g(b)**

Plaintiff claims that Defendant violated Sections 1692e and 1692g(b) in that the letter states that the "Association" is attempting to collect a debt as opposed to the "Defendant" is attempting to collect a debt. Plaintiff argues that the language in the letter is therefore confusing to the least sophisticated debtor, is not clear whether the Plaintiff must notify the Association or the Defendant to exercise her rights under Section 1692g(b) and is therefore a violation of the FDCPA.

Section 1692g(b) provides, in relevant part, as follows:

*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

The first line of Defendant's letter states "Please be advised that this office represents Tree Garden Condo Association, Inc. (the "Association")." The relevant portion of the Disclosure/Notice contained in Defendant's letter provides as follows:

*Please be advised that the Association is attempting to collect a debt, and any information obtained thereto will be used for the stated purpose of collecting said debt. …. If you, the debtor, notifies the undersigned attorney in writing within the above-mentioned thirty (30) day period that the aforementioned debt, or any*

11

Case 0:19-cv-62188-CMA Document 19 Entered on FLSD Docket 10/28/2019 Page 12 of 15

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 12

> *portion thereof, is in dispute, the undersigned attorney shall obtain written verification of said debt from the creditor and send you, the debtor, by U.S. Mail, same written verification.*
>
> *Upon written request by you, the debtor, to the undersigned attorney within said thirty (30) day period, the undersigned attorney will provide you, the debtor, with the name and address of the original creditor if different from the current creditor.*

The letter from Defendant to Plaintiff includes the disclosures required by Section 1692g and adequately informs the least sophisticated consumer of their rights under 1692g. See, *Smith v. Financial Collection Agencies*, 770 F. Supp 232 (D. Del. 1991) which held that a validation notice comports with Section 1692g if the "content" of the notice complies with the literal terms of the statute".

Defendant's letter to Plaintiff complies with the literal terms of Section 1692g. The letter was sufficient to adequately disclose to and inform the least sophisticated debtor of the rights to which they are entitled to under Section 1692g and this does not violate the FDCPA.

**E.** **<u>Count IV - Alleged Violation of Sections 1692e(11)</u>**

Plaintiff claims that Defendant violates Section 1692e(11), arguing that the letter from Defendant to Plaintiff (i) does not state that Defendant is a debt collector; and (ii) fails to state that the letter is a communication from a debt collector. Section 1692e(11) provides as follows:

> *The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose,* **<u>and the failure to disclose in subsequent communications that the communication is from a debt collector</u>**, *except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (emphasis supplied)*

The letter from Defendant to Plaintiff was the initial, and only communication from Defendant to Plaintiff and Defendant is not required to state that "the communication is from a debt collector". Further, nothing within Section 1692e(11) requires Defendant to state expressly

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 13

or at all that Defendant is a debt collector. The letter does not violate the FDCPA.

Notwithstanding the above, even if it can be argued that the letter from Defendant to Plaintiff must contain the specific language that Defendant is a debt collector or that the communication is from a debt collector, the letter from Defendant to Plaintiff substantially complies with the requirement of the FDCPA.

A similar argument was raised in *Volden v. Innovative Financial Systems,* 440 F. 3d 947 (8th Cir. 2006), albeit involving a "subsequent communication". In *Volden*, the Plaintiff also claimed that the Defendant violated Section 1692e(11) by failing to affirmatively state in a letter that it was a debt collector. The Court found:

> *The September 2002 letter states "Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose." Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a "debt collector." While the unsophisticated consumer test is meant to protect consumers of below average sophistication, it also involves an element of reasonableness that prevents bizarre interpretations of debt collection notices. Volden, supra, citing to Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). We find the letter "effectively conveys" the fact that it is from a debt collector, and thus does not violate section 1692e(11). Id. at 1056.*

Similarly, in *Davis v. Hollins Law*, 832 F. 3d 962 (9th Cir. 2016), the Court found that:

> *Section1692e(11) does not require a subsequent communication from the debt collector to use any specific language so long as it is sufficient to disclose that the communication is from a debt collector, as it was here". See also Smith v. Financial Collection Agencies, 770 F. Supp 232 (D. Del. 1991) (Generally, a validation notice will comport with Section 1692g if the "content" of the notice complies with the literal terms of the statute".*

In this case the Defendant's letter was substantially the same as that in *Volden*. The Defendant's FDCPA Disclosure stated, "Please be advised that the Association is attempting to collect a debt, and any information obtained thereto will be used for the stated purpose of collecting

13

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 14

said debt." As in *Volden, Davis* and *Smith*, the letter was sufficient to disclose to the least sophisticated debtor that the Defendant was a debt collector and the communication was from a debt collector. The letter does not violate the FDCPA.

**F.     Count V - Alleged Violation of the FCCPA**

In Florida, consumer debt collection practices are regulated by both the Florida Consumer Collection Practices Act, Sections 559.55 through 559.785 ("FCCPA") and the FDCPA. Both acts generally apply to the same types of conduct, and Florida courts must give "great weight" to federal interpretations of the FDCPA when interpreting and applying the FCCPA. §559.77(5). However, the FDCPA and the FCCPA are not identical, and ***a violation of one act does not automatically constitute a violation of the other*** (***emphasis supplied***). See *Beeders v. Gulf Coast Collection Bureau, Inc*., No. 8:09-cv-00458-EAK-AEP, 2010 U.S. Dist. LEXIS 66984, 2010 WL 2696404, at 6 (M.D. Fla. July 6,2010) (holding that "[t]here are intentional differences between the FDCPA and FCCPA, and a violation of the federal statute does not automatically constitute a violation of the state statute in situations where the FCCPA is distinguishable"), aff'd, 432 F. App'x. 918 (11th Cir. 2011). Because the provisions of the two acts are not fungible, a consumer seeking to recover damages under either the FDCPA or the FCCPA must allege and prove a violation of the provisions of the act actually sued upon. *Read v. MFP, Inc*., 85 So. 3d 1151 (Fla. 2d DCA 2012).

Notwithstanding the above, the Plaintiff attempts to boot-strap a claim under the FCCPA by alleging that a violation of the FDCPA (as argued in Counts I through IV) results in a violation of Section 559.72(9), Florida Statutes. Plaintiff's argument is flawed.

Plaintiff essentially claims that Defendant's violation of the FDCPA negates the debt sought to be collected and any attempt to collect the debt is a violation of Section 559.72(9), Florida Statutes. Plaintiff is simply trying to get around the holding as stated above in *Beeders*,

14

Anderson v. Law Offices of Steven B. Katz, PA.
Case No. 0:19-CV-62188-ALTONAGA/SELTZER
Defendant's Motion to Dismiss
Page 15

that "a violation of one act does not automatically constitute a violation of the other".

Even assuming that the Defendant violated the FDCPA, said violation does not invalidate the debt so that any communication to collect the debt becomes a "claim, attempt or threat to enforce a debt when such person knows that the debt is not legitimate, or an assertion of the existence of some other legal right when such person knows that the right does not exist" as prohibited by Section 559.72(9), Florida Statutes.

Plaintiff's argument in Count V flies in the face of the holdings of *Beeders v. Gulf Coast Collection Bureau, Inc*. and *Read v. MFP, Inc*. There is no violation of the FCCPA. Further, Defendant's substantial compliance with the FDCPA renders the entire Complaint insufficient.

WHEREFORE, Defendant LAW OFFICE OF STEVEN B. KATZ, P.A. respectfully requests the Court dismiss this case, with prejudice, and award Defendant its reasonable attorney's fees and costs.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing shall be furnished by E-Mail to: JIBRAEL S. HINDI, ESQ. (jibrael@jibraellaw.com) on this 28th day of OCTOBER, 2019.

DAVID W. LANGLEY, P.A.
*Attorney for Defendant*
8551 West Sunrise Blvd.
Suite 303
Plantation, FL 33322
Email: dave@flalawyer.com

BY: /s/ *David W. Langley*_____
DAVID W. LANGLEY
Florida Bar No. 248379